# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALLIANZ GLOBAL RISKS
US INSURANCE COMPANY and
NFI INDUSTRIES, Inc.,

        Plaintiffs,

-vs-                      Case No. 15-C-1047

KUTZLER EXPRESS, Inc.,

        Defendant.

## DECISION AND ORDER

In February 2013, Target hired NFI Industries, Inc. to arrange for the delivery of twenty-six (26) lots of pre-paid cellular phones to various Target locations across the country. NFI contracted with Kutzler Express, Inc. for delivery from Louisville, Kentucky to Elwood, Illinois. The phones were stolen while the driver stopped at a truck stop in Memphis, Indiana. NFI and its insurer, Allianz Global Risks US Insurance Company, sued Kuntzler for the value of the stolen phones — $212,861.55 — under the Carmack Amendment. 49 U.S.C. § 14706(a)(1). NFI and Allianz now move for summary judgment. This motion is denied.

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one identified by the substantive law as affecting the outcome of the suit. *Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681 (7th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A "genuine issue" exists with respect to any such material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 681-82. Thus, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The purpose of the Carmack Amendment is to "establish uniform federal guidelines designed in part to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment." *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987). It is undisputed that the plaintiffs' claim satisfies the *prima facie* elements for liability under the Carmack Amendment. *See Allied Tube & Conduit Corp. v. S. Pacific Transp. Co.*, 211 F.3d 367, 370-71 (7th Cir. 2000) (listing elements of claim). The Amendment applies in the case of

third-party theft. *See UPS Supply Chain Solutions, Inc. v. Megatrux Transp., Inc.*, 750 F.3d 1282 (11th Cir. 2014); *Korer v. Danita Corp.*, 584 F. Supp. 2d 1103, 1104 (N.D. Ill. 2008).

At issue is whether Kutzler took the appropriate steps to limit its liability under the Carmack Amendment. Those steps are: (1) obtain the shipper's agreement as to a choice of liability; (2) give the shipper a reasonable opportunity to choose between two or more levels of liability; and (3) issue a receipt or bill of lading prior to moving the shipment. *Nipponkoa Ins. Co., Ltd. v. Atlas Van Lines, Inc.*, 687 F.3d 780, 782 (7th Cir. 2012).[1]

Importantly, the bills of lading in this case were issued by NFI, not Kutzler. The Master Bill of Lading references National Motor Freight Traffic Association Classification ("NMFC) class number 62820-1. This classification limits liability to $3.00 per pound, equal to $15,678.00 in the instant case. As one court explained, the "various requirements imposed upon a *carrier* who drafts the contract seeking to limit its own liability" were "intended to protect shippers from carriers who would take advantage

---

[1] Historically, courts also required carriers to maintain a tariff within the prescribed guidelines of the Interstate Commerce Commission, but that requirement was eliminated in the mid-1990's. *Nipponkoa*, 687 F.3d at 782; *UPS Supply Chain*, 750 F.3d at 1286, n.3 ("Instead, carriers are now required to provide shippers on request with a written or electronic copy of the rates, classifications, rules, or practices applicable to the shipment or agreed to between the shipper and carrier").

- 3 -

of their own superior knowledge and leverage when dealing with unwary shippers." *Siren, Inc. v. Estes Express Lines*, 249 F.3d 1268, 1271 (11th Cir. 2001) (emphasis added). But when, as here, the *shipper* drafts the bill of lading, it is not "proper or necessary to protect [the shipper] from [itself]." *Id.*; *see also Exel, Inc. v. So. Refrigerated Transport, Inc.*, 807 F.3d 140, 153 (6th Cir. 2014) ("the fact that the shipper drafted the bills of lading is relevant in ascertaining whether the shipper was offered, and agreed to, a limitation of liability by the carrier").

Plaintiffs argue that the NMFC reference is irrelevant because neither NFI nor Kutzler are NMFC members. The NMFC Handbook provides that "[o]nly participants in the NMFC at the time the transportation occurs may use the provisions herein." Unauthorized use of an NMFC classification is not the Court's concern. The only inquiry for the Court is whether NFI was offered, and agreed to, a limitation of liability by Kutzler. NFI's own issuance of a bill of lading using the above-noted NMFC classification creates an issue fact in that regard, precluding the entry of judgment in favor of the plaintiffs.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' motion for summary judgment [ECF No. 16] is **DENIED**; and

2. Kutzler's motion to deny plaintiffs' motion for summary judgment [ECF No. 17] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2016

                                    **BY THE COURT:**

                                    _____

                                    **HON. RUDOLPH T. RANDA**
                                    **U.S. District Judge**