UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALLIANZ GLOBAL RISKS U.S.
INSURANCE COMPANY and
NFI INDUSTRIES, INC.,

      Plaintiffs,

v.

KUTZLER EXPRESS, INC.,

      Defendant.

Case No. 15-CV-1047-JPS

ORDER

---

On August 12, 2016, Plaintiffs filed a motion to amend their responses to certain of Defendant's requests for admission. (Docket #23). Defendant responded on September 14, 2016, and Plaintiffs replied on September 28, 2016. (Dockets #26 and 27). For the reasons stated below, the Court will grant the motion.

The national retailer Target purchased several batches of cellular phones from T-Mobile. (Docket #1 at ¶ 7). Target hired Plaintiff NFI Industries, Inc. ("NFI") to arrange for delivery of the phones. *Id.* at ¶ 8. NFI thereafter hired Defendant Kutzler Express, Inc. ("Kutzler") to transport the phones from Kentucky to Illinois. *Id.* at ¶¶ 9–10. Kutzler never completed the delivery, however, because the phones were stolen at a truck stop in Indiana. *Id.* at ¶ 11. Plaintiffs sued Kutzler to recover the value of the shipment under the Carmack Amendment, which holds a carrier strictly liable for the "actual loss or injury to [] property" in its control. 49 U.S.C. § 14706(a)(1); (Docket #1 at ¶¶ 17–18). According to Plaintiffs, the value of the shipment of phones was $212,861.55. (Docket #1 at ¶ 13).

The Carmack Amendment establishes uniform federal guidelines for liability between interstate carriers and shippers of goods. *See id.* The law was "designed in part to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment." *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987). The Amendment applies in cases of third-party theft. *See UPS Supply Chain Solutions, Inc. v. Megatrux Transp., Inc.*, 750 F.3d 1282, 1287 (11th Cir. 2014); *Korer v. Danita Corp.*, 584 F. Supp. 2d 1103, 1104 (N.D. Ill. 2008).

Carriers can take steps to avoid the strict liability imposed by the Amendment. To do so, the carrier must: (1) obtain the shipper's agreement as to a choice of liability; (2) give the shipper a reasonable opportunity to choose between two or more levels of liability; and (3) issue a receipt or bill of lading prior to moving the shipment. *Nipponkoa Ins. Co., Ltd. v. Atlas Van Lines, Inc.*, 687 F.3d 780, 782 (7th Cir. 2012). In this case, prior to shipment, NFI, on behalf of the shipper, Target, provided Kutzler, the carrier, a Master Bill of Lading for the phone delivery. The Master Bill of Lading references National Motor Freight Traffic Association Classification ("NMFC") number 62820-1. *See* (Docket #8 at 6). This classification number denotes a certain type of commodity being transported and defines an industry-standard limit on liability for loss of that type of commodity. *Id.* Liability for commodities bearing classification number 62820-1 is limited to $3.00 per pound of freight lost. *Id.* For the phones at issue here, the total liability under this classification would be $15,678.00. *Id.*

One key dispute in this case is whether the Master Bill of Lading and the NMFC classification therein govern Kutzler's liability for the lost phone shipment. If they do, Plaintiffs' damages shrink to less than a tenth the

amount alleged in their Complaint. The core of the dispute is whether NFI had control over the drafting or terms of the Master Bill of Lading and, if so, whether that means NFI can be held to those terms. As the Court observed in a prior opinion denying Plaintiffs' summary judgment, "the bills of lading in this case were issued by NFI, not Kutzler." (Docket #20 at 3). The Court found this important because it created an issue of fact as to "whether NFI was offered, and agreed to, a limitation of liability by Kutzler"—namely, the NMFC classification. (*Id.* at 4). As explained further below, the Court need not decide the merits of this dispute to resolve the instant motion.

Kutzler propounded several requests for admission on Plaintiffs pursuant to Federal Rule of Civil Procedure 36. Two of those requests are at issue here, and each touches on the issue of NFI's participation in creating the Master Bill of Lading. Request for Admission 1 asks Plaintiffs to admit that "Exhibit 1 is a true and accurate copy of the Master Bill of Lading *issued* by [NFI] relative to the transportation of the load of cellular phones that is the subject matter of this lawsuit." (Docket #23-1 at 1) (emphasis added). Request for Admission 26 asks Plaintiffs to admit that "Group Exhibit 2 consist [sic] of true and accurate copies of twenty-six (26) underlying Bills of Lading *issued* by [NFI] that were incorporated into the Master Bill of Lading (Ex. 1), relative to the transportation of the load of cellular phones that is the subject matter of this lawsuit." *Id.* at 2 (emphasis added).

Approximately one month after the Court's order denying them summary judgment, Plaintiffs answered these requests, admitting both without objection or qualification. By admitting these requests, Plaintiffs argue that they did no more than admit the genuineness of the documents themselves. (Docket #23 at 2). Their admissions do not, in their view, extend

to the authorship of the documents. *Id.* Kutzler disagrees, contending that Plaintiffs' admissions establish that NFI "issued" the Master Bill of Lading, either by actually drafting it or presenting it to Kutzler as agent for the shipper, Target. (Docket #26 at 9–10).

Rule 36 permits a party to serve on his opponent "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). The responding party may admit the matter contemplated in the request, deny it, state that the party lacks the ability to admit or deny it after a reasonable investigation, or object to it. *See id.* 36(a)(4)–(5). The Rule further provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

*Id.* 36(b). The party requesting to withdraw admissions bears the ultimate burden to prove that the withdrawal is appropriate. *See Bryant v. Fort Wayne Metropolitan Human Relations Comm'n*, 284 Fed. App'x 335, 338 (7th Cir.

2008).[1] The Rule, as the Seventh Circuit has explained, "allows parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). Additionally, the Rule forestalls a party from "flip-flopping" on important evidentiary issues as the winds of litigation change. *See Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005).

The advisory committee opined that the provision for withdrawal or amendment of an admission is meant to "emphasiz[e] the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed. R. Civ. P. 36 advisory committee notes. In considering whether allowing the withdrawal of admissions would promote presentation of the merits, the Court may consider whether the admissions are contrary to the record in the case. *Centrifugal Acquisition Corp. v. Moon*, 267 F.R.D. 240, 241 (E.D. Wis. 2010) *(*citing *Ropfogel v. United States*, 138 F.R.D.

---

[1] Plaintiffs contend that the party who obtained the admissions must demonstrate prejudice, citing *Centrifugal Acquisition Corp. v. Moon*, 267 F.R.D. 240, 241 (E.D. Wis. 2010). Their reliance on *Moon* is misplaced, however. *Moon* cites *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1991), for this proposition, but *Ropfogel* was decided under a prior version of the Rule which apportioned the burden of proving prejudice on the party who had obtained the admissions. *Id.* at 582. The current version of the Rule does not make an express assignment of burden. *See* Fed. R. Civ. P. 36(b). The Court finds, consistent with the most recent amendments to the Rules in 2015, that each party should, as a general matter, contribute to the assessment of prejudice according to their ability. *See id.* 26 advisory committee notes (explaining that all parties should provide information relevant to the proportionality inquiry of Rule 26(b)(1) consistent with their ability to do so). In practical terms, it is more likely that the party who stands to lose the benefit of admissions would be in a better position to explain the prejudice it would suffer. But in light of the clear change in language in Rule 36 from the version applied in *Ropfogel*, the Court will not expressly place the burden on that party.

579, 583 (D. Kan. 1991)). Withdrawal may be proper "when an admission is no longer true because of changed circumstances or when through an honest error a party has made an improvident admission." *Ropfogel*, 138 F.R.D. at 583 (citing *Jones v. Emp'rs Ins. of Wausau*, 96 F.R.D. 227, 229 (N.D. Ga. 1982)). The prejudice contemplated by Rule 36(b) generally "'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Id.* (quoting *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (10th Cir. 1983)). As a result, "[r]eliance on admissions in preparing for trial may show prejudice" and "[a]llowing the withdrawal of admissions on the eve of trial could unfairly disrupt trial preparations." *Id.*

Plaintiffs request that the Court permit them to withdraw their admission of Kutzler's Requests for Admission 1 and 6. First, Plaintiffs contend that doing so will promote presentation of the case on its merits because NFI's corporate representative testified that admission of those requests was improper. (Docket #23 at 2–3). That witness testified that NFI itself did not draft or prepare the Master Bill of Lading but merely communicated it to Kutzler on behalf of Target. *Id.* Again, Plaintiffs believe that the requests only sought to authenticate the documents and did not bear on their drafting. *Id.*

Second, Plaintiffs assert that Kutzler will suffer no prejudice if the admissions are withdrawn, noting that this motion comes well before the deadline for dispositive motions and the trial date. (Docket #23 at 4). As such, Kutzler should have ample time to prepare any additional evidence or argument it may need to prove matters related to the drafting of the Master Bill of Lading. *Id.* Moreover, Plaintiffs argue, Kutzler knew of the

Page 6 of 9

Case 2:15-cv-01047-JPS    Filed 10/19/16    Page 6 of 9    Document 28

discrepancy between Plaintiffs' admissions and Plaintiffs' litigation position as early as the first deposition taken in this case. *Id.* Thus, Kutzler has been on notice for some time that Plaintiffs' admissions were a mistake that should not be a permanent part of the record. *Id.* Kutzler, on the other hand, believes that withdrawal of the admissions would unfairly require it to take additional, burdensome discovery to prove the facts admitted. (Docket #26 at 11).

The Court finds that Plaintiffs have met their burden under Rule 36 to justify withdrawing their admissions. As noted above, the Court does not decide here whether the admissions actually establish that Plaintiffs should be bound to the terms of the Master Bill of Lading. Instead, given the centrality of the Master Bill of Lading—and, by extension, its authorship—to this case, the Court finds that permitting the admissions to stand would subserve the presentation of the case on the merits. Allowing Kutzler to seize upon Plaintiffs' error—one which appears to be based on a simple misapprehension of what information the requests were seeking—would not serve the purpose of Rule 36. *See Ropfogel*, 138 F.R.D. at 583. That Rule was intended to identify areas in which the parties agree and prevent parties from "flip-flopping" on key evidentiary matters. There is no evidence that Plaintiffs are engaged in such gamesmanship.

Moreover, the admissions, even if they were permitted to stand, do not appear to be dispositive to the extent Kutzler believes. Kutzler views the admissions as conclusive evidence that Plaintiffs should be bound by the terms of the Master Bill of Lading. The admissions, while arguably probative on that issue, would at most establish that Plaintiffs "issued" the Master Bill of Lading. Whether "issuing" the document means that Plaintiffs are bound

by it would remain a question for the jury to decide. Permitting Plaintiffs to withdraw the admissions will, in the Court's view, encourage the parties to devote more energy and evidence to this important topic rather than rest on admissions of possibly limited evidentiary value.

Furthermore, Kutzler does not point to any concrete evidence that it would suffer prejudice as a result of withdrawal of the admissions. There is substantial time remaining for the parties to prepare for dispositive motion practice and trial, and Kutzler has not directed the Court to any instance where it has actually relied on the admissions to its detriment. *See Gardner v. So. Ry. Sys.*, 675 F.2d 949, 954 (7th Cir. 1982); *Ropfogel*, 138 F.R.D. at 583. There are also nearly two months remaining for the parties to seek any additional discovery they believe they may need at trial. *Smith v. Farley*, 52 F.3d 328 (7th Cir. 1995). At best, Kutzler asserts that it will be prejudiced by its inability to rely upon these admissions in the future, but unrealized future reliance is not the sort of prejudice the Rule contemplates. Kutzler itself admits that it would suffer no prejudice from withdrawal of the admissions when it asserts that taking additional discovery on how the Master Bill of Lading was created "would not change the fact that NFI was acting on Target's behalf with regard to arranging for the transportation of the subject shipment." (Docket #26 at 12). If the facts in the record already show, according to Kutzler, the NFI should be bound by the terms of the Master Bill of Lading, withdrawal of Plaintiffs' admissions should do nothing to change Kutzler's

litigation position.² The Court, therefore, finds that withdrawal of Plaintiffs' admissions would promote presentation of this case on its merits and that Kutzler would suffer no prejudice from that withdrawal.

Accordingly,

IT IS ORDERED that Plaintiffs' motion to amend responses to Defendant's requests for admission (Docket #23) be and the same is hereby GRANTED.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

²Kutzler argues that Plaintiffs would suffer prejudice from the proposed withdrawal as well. Kutzler reasons that Plaintiffs only have standing to recover under the Carmack Amendment if they are entitled to recover under the Master Bill of Lading. *See* (Docket #26 at 7–8). If Plaintiffs did not issue that document, Kutzler argues, their claim will fail. Whatever the merits of this argument, Plaintiffs, like Kutzler, have time enough left to conduct discovery on whatever questions remain after withdrawal of the admissions.