UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALLIANZ GLOBAL RISKS U.S.
INSURANCE COMPANY and
NFI INDUSTRIES, INC.,

                    Plaintiffs,

v.

KUTZLER EXPRESS, INC.,

                    Defendant.

Case No. 15-CV-1047-JPS

ORDER

---

      On December 15, 2016, Defendant filed a motion to continue the final pretrial conference, scheduled for January 17, 2017, and the trial, scheduled to begin January 30, 2017. (Docket #33). Defendant proffers three bases for its request. First, Defendant complains that the Court has not set a schedule for briefing on the parties' pending motions for summary judgment. *Id.* at 2. Second, Defendant states that its corporate representative has travel plans that will take him out of the country until February 1, 2017, which would prevent him from testifying at the trial. *Id.* at 2–3. Third, Defendant's lead counsel will be in a week-long trial beginning on January 12, 2017, which he claims will hamper his ability to prepare for trial in this case. *Id.* at 3. For these reasons, Defendant requests that the Court reschedule the pretrial conference for January 30, 2017 and the trial for February 13, 2017. *Id.* at 3–4.

      The Court will do neither. First, as to briefing the motions for summary judgment, the Court refers the parties to the Local Rules of this Court, which provide the relevant deadlines. *See* Civ. L. R. 56(b)(2)–(3). Second, while it appreciates the need to accommodate the schedules of witnesses and trial counsel, the Court's pretrial conference and trial dates were set in a scheduling order entered January 6, 2016. (Docket #14).

Defendant has had a year to plan for those events. That it chose not to do so is not good cause for altering the Court's schedule. The Court notes that the travel itinerary for Defendant's corporate representative, which Defendant attached to its motion, reveals that the individual made his travel plans in September 2016, over nine months after Defendant was notified that this matter would be tried on January 30, 2017. (Docket #33-1 at 4).[1] Similarly, although the Court appreciates that Defendant's trial counsel has another trial scheduled in January, counsel's schedule creates no conflict with the relevant dates in this Court. Defendant and its counsel have had ample notice and ample time to prepare to try this case. The Court sees no reason to delay the matter further. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006); *Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015); *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011).

Accordingly,

**IT IS ORDERED** that Defendant's motion to continue the final pretrial conference and the trial (Docket #33) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 15th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] Additionally, Defendant admits that it disclosed this individual as its corporate representative in its Rule 26(a) disclosures, which it served on Plaintiffs on February 1, 2016. (Docket #15). Defendant should have informed this individual back in February 2016 to avoid travel at the time this case would be tried.